## EDWARDS *v.* MAYOR AND ALDERMEN OF MILLEDGEVILLE.

LUMPKIN, J. Suit was brought against a municipal corporation, seeking to recover the price of certain building stone, at the rate of $1.35 per cubic foot. The defendant pleaded, that the price agreed upon was 81 cents per cubic foot, instead of that for which suit was brought; that it tendered the correct amount to the plaintiff, who refused to receive it; that the tender was made by check, and a tender in actual cash was rendered unnecessary by the fact that the plaintiff notified the defendant that he would not receive such sum; that "defendant says that the amount so offered plaintiff was the true amount to which plaintiff was entitled, which this defendant has held subject to the plaintiff's order at all times, and is still ready and willing to pay;" and that defendant should not be charged with costs. Upon the trial, the evidence was directed to the point as to whether the plaintiff was entitled to recover at the rate of 81 cents per cubic foot or at a higher rate. The mayor testified that the amount due, at 81 cents per cubic foot, "has been tendered to" the plaintiff. At the close of the brief of evidence occurs this statement: "It was admitted in open court by the plaintiff that a tender of the amount claimed to be due at 81 cents per cubic foot was made and declined." The jury found for the plaintiff the amount admitted to be due by the defendant. A motion for a new trial was made by the plaintiff, on the general grounds that the verdict was contrary to law and evidence, without evidence to support it, and against the weight of the evidence. The motion was overruled, and the plaintiff excepted. It does not appear that any point was specially raised in the court below, either by request to charge or otherwise, as to whether the plaintiff was entitled to recover interest. In this court it was contended that the verdict was contrary to law and

evidence, because the evidence of tender was not sufficient to stop the running of interest; and that the plaintiff was entitled to a new trial, because the verdict did not find interest in his favor. *Held,* that, in view of the admission made in open court in connection with the plea of tender, and the fact that it does not appear that any interest was claimed in the court below or any contention made on that subject, the admission will be construed as made for the purpose of obviating the necessity for introducing further evidence on the subject of tender, and as including the continuing tender pleaded. And the verdict, approved by the presiding judge, will not be set aside and a new trial granted under the general grounds of the motion.

*Judgment affirmed. All the Justices concur.*

MAY 15, 1912.

Complaint. Before Judge J. B. Park. Baldwin superior court. January 20, 1911.

*Allen & Pottle,* for plaintiff.
*Livingston Kenan,* for defendant.